IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

TESSA MARIE HAYES,

   Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., DOES 1 THROUGH
100 INCLUSIVE, TD BANK USA, N.A.,

   Defendants.

Case No. 3:21-cv-00129-MO

OPINION & ORDER

MOSMAN, J.,

  This matter comes before me on Defendant TD Bank USA, N.A.'s Motion to Dismiss [ECF 78]. For the following reasons, I GRANT the motion and dismiss TD Bank from this case with prejudice.

## BACKGROUND

  Plaintiff Tessa Marie Hayes brings this case under the Fair Credit Reporting Act (FCRA), alleging that TD Bank inaccurately reported her payment history to credit reporters. Am. Compl. [ECF 76] ¶¶ 72–83. Specifically, Hayes alleges that TD Bank has reported multiple charge-offs on a single account. *Id.* A charge-off occurs when a creditor gives up on recovering payment from an account and writes it off as a loss. *See id.* ¶ 12. A charge-off can have a significant negative effect on an individual's credit score. *Id.* ¶ 82.

1 – OPINION & ORDER

An account may only be charged off once. *Id.* ¶ 11. Hayes alleges that, since her account was first charged off in January 2019, TD Bank has continued to report a monthly charge-off on her account, eventually totaling 17 charge-offs. *Id.* ¶¶ 74, 79. In September 2020, Hayes ordered a credit report from Experian Information Solutions, a credit reporting agency. *Id.* ¶¶ 26, 64. After reviewing the report, Hayes sent a letter to Experian disputing the multiple charge-offs. *Id.* *Id.* ¶ 66. Hayes claims Experian forwarded the letter to TD Bank, but that TD Bank nevertheless failed to adequately investigate its practices. *Id.* ¶¶ 70, 76–78, 83.

Hayes asserts that TD Bank's practice of reporting charge-offs is incorrect, misleading, and has negatively impacted her credit score. *Id.* ¶¶ 2, 82–83. Specifically, Hayes attributes TD Bank's charge off reporting practices to her inability to obtain a car loan. *Id.* ¶ 87. Without a car, Hayes used public transportation until she was able to purchase a low-quality vehicle. *Id.* ¶¶ 87–88. Hayes alleges that both the use of public transportation and the low-quality vehicle have been sources of stress and anxiety. *Id.* Hayes seeks damages and an injunction preventing TD Bank from continuing its charge-off practices. *Id.* ¶ 108.

In August 2021, I held a hearing in which I dismissed Hayes's claims without prejudice for failure to plead injury. Mins. of Proceedings [ECF 73]. Hayes filed an amended complaint a few weeks later, which TD Bank moves to dismiss.

Shortly after parties submitted their initial briefing on the instant motion, two judges of this district, Judge McShane and Magistrate Judge Beckerman, issued decisions on cases with nearly identical facts. *See* Not. of Suppl. Auth. [ECF 84]; *Makela v. Experian Info Sols., Inc.*, No. 6:21-cv-00386-MC, 2021 WL 5149699 (D. Or. Nov. 4, 2021);[1] *Kelly v. Experian Info. Sols., Inc.*, No. 3:21-cv-00242-SB (D. Or. Nov. 2, 2021).[2] I asked the parties to submit supplemental

---

[1] Docketed in this case as Not. of Auth. [ECF 84] Ex. A.
[2] Docketed in this case as Not. of Auth. [ECF 84] Ex. B.

briefing in response. Order [ECF 86]. In its supplemental brief, TD Bank identified another relevant intervening decision, this time from Magistrate Judge Kasubhai.[3] *McKay v. Experian Info. Sols., Inc.*, No. 6:21-cv-00371-MK (D. Or. Nov. 16, 2021).[4]

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "labels and conclusions" or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). While the plaintiff does not need to make detailed factual allegations at the pleading stage, the allegations must be sufficiently specific to give the defendant "fair notice" of the claim and the grounds on which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

TD Bank based this motion on "substantially the same grounds on which [it] based its earlier motion for dismissal." Mot. to Dismiss [ECF 78] at 4. Recognizing I had already evaluated those arguments, TD Bank filed this motion to preserve those arguments for appeal, "not to replow ground that the Parties and the Court have already visited." *Id.* Indeed, at oral argument I indicated that Hayes had successfully pled her claim that TD Bank had violated the FCRA but for her inadequate pleading of injury. *See* Tr. of Proceedings [ECF 85] at 15:23–16:13.

---

[3] At the time of writing, *Kelly* and *McKay* have been referred to a district court judge, but not adopted. 28 U.S.C. § 636(b)(1)(C). I nevertheless find them persuasive.
[4] Docketed in this case as Def.'s Suppl. Mem. [ECF 87] Attach. 1.

3 – OPINION & ORDER

Yet TD Bank contends that the amended complaint does not remedy the deficient pleading of injury from the original complaint. Mot. to Dismiss [ECF 78] at 13–14. TD Bank argues the amended complaint fails to show concrete harm because it does not explain how the disputed credit reporting practice actually affected Hayes's credit score. In her amended complaint, Hayes alleges that TD Bank's practice has compounded the negative effect of her charge-off on her credit score. *See* Am. Compl. [ECF 76] ¶ 79. Though vague, this assertion would traditionally be sufficient at the motion-to-dismiss stage. It would make little sense to require a plaintiff to allege the inner workings of a bank's credit reporting practices before that plaintiff has had the opportunity to receive discovery on those reporting practices.

But Hayes has not alleged TD Bank has engaged in some niche practice that is likely to mislead credit reporters. Rather, the reporting charge-offs is well understood in the financial sector. Indeed, "[i]t is undisputed that an account can be charged off only once." *Steinmetz v. Am. Honda Fin. Corp.*, 835 F. App'x 199, 201 (9th Cir. 2020). Thus, no credit reporting agency could reasonably look at TD Bank's reports and conclude that TD Bank is saying multiple charge-offs occurred. A conclusory statement that such a standard reporting practice confused professionals within the industry is insufficient to establish injury.

As the three judges in this district who have faced this question have observed, the notion that a credit reporting agency would double-count charge-offs is farfetched. *See Makela*, 2021 WL 5149699, at *4 ("It is unclear how any reader of Plaintiff's credit report could be misled into believing that multiple charge offs occurred when it is undisputed that a charge off occurs only once."); *Kelly*, slip op. at 6 (Finding plaintiff's claim to be implausible because "it is not plausible that anyone would believe that the account had been charged off more than once"); *McKay*, slip op. at 5–8 (summarizing and agreeing with case law holding that reports of charge-

4 – OPINION & ORDER

offs is not misleading). Yet Hayes's theory does not only require the existence of a credit reporting agency so inept as to misunderstand a basic principle of its industry. It also requires that the bungling reporting agency garner enough respect to be incorporated into FICO's scoring models. Am. Compl. [ECF 76] ¶ 79 (alleging TD Bank's reporting has compounded the negative impact of a charge-off on Hayes's FICO score). Hayes's conclusory statements do not push this compounded implausibility into the realm of believability. As such, I find that TD Bank's practice of reporting charge-offs is not "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)).

Confronted with the mounting pile of case law that stands against her, Hayes does not argue that her situation somehow differs from that of the plaintiffs in *Kelly* and *Makela*,[5] but rather that those cases were wrongly decided. Pls.' Suppl. Br. in Opp. to Mot. to Dismiss [ECF 88] at 1. Hayes asserts that TD Bank's charge-off reporting practices are especially dangerous in an increasingly automated world because computers do "not have the intelligence that a human credit reviewer may have" to understand TD Bank's reporting. *Id.* at 3. This argument makes little sense—a computer performs calculations based on the algorithms that humans give it. A credit reporting agency creating an algorithm that allows for compounded charge-offs is just as implausible as a credit reporting agency counting a charge-off twice.

Because this case is not an appeal of *Kelly* or *Makela*, I decline to address Hayes's arguments specific to those decisions. As relevant to the procedural posture of this case, I find that Hayes has not alleged sufficient injury. And upon consideration, I agree with my colleagues'

---

[5] Hayes does not address *McKay* because that case was not identified until after I ordered supplemental briefing on *Makela* and *Kelly*.

5 – OPINION & ORDER

core finding that reporting multiple months of charge-offs is not misleading under FCRA. Thus, no allegation of injury could be sufficient here. As a result, I GRANT TD Bank's motion.

## CONCLUSION

For the reasons given above, I GRANT Defendant TD Bank's Motion to Dismiss [ECF 78] and DISMISS TD Bank as a defendant from this case.

IT IS SO ORDERED.

DATED this 17th day of December, 2021.

                                            MICHAEL W. MOSMAN
                                            United States District Judge